# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY PRESCOTT,

                        Plaintiff,

v.                                                          Case No. 26-CV-8-JPS

TRACY L. THOMPSON,

                                                            **ORDER**

                        Defendant.

Plaintiff, a prisoner proceeding pro se, filed a complaint in the above captioned action. ECF No. 1. Plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF No. 2. On February 2, 2026, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $26.09. ECF No. 7. On April 10, 2026, the Court granted Plaintiff's motion to pay the IPFF from his release account and extended his deadline until May 1, 2026. ECF No. 10. Plaintiff did not comply or otherwise response. On May 20, 2026, the Court dismissed the case without prejudice for Plaintiff's failure to pay the IPFF and entered judgment accordingly. ECF Nos. 11, 12. On May 26, 2026, Plaintiff filed a motion for reconsideration. ECF No. 13.

The Court will deny Plaintiff's motion for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether

to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's request does not meet the high burden necessary to succeed. Plaintiff seeks to reopen the case because he believes the Court did not address his request to pay the IPFF from this release account. However, as explained above, the Court granted Plaintiff's motion and allowed him additional time to pay the IPFF from his release account. ECF No. 10. Plaintiff has therefore not shown a manifest error or newly discovered evidence. As such, the Court is obliged to deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 13, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge