# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY PRESCOTT,

Plaintiff,

v.

TRACY L. THOMPSON,

Defendant.

Case No. 26-CV-8-JPS
7th Cir. Case No. 26-2527

**ORDER**

Plaintiff, a prisoner proceeding pro se, filed a complaint in the above captioned action. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF No. 2. On February 2, 2026, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $26.09. ECF No. 7. On April 10, 2026, the Court granted Plaintiff's motion to pay the IPFF from his release account and extended his deadline until May 1, 2026. ECF No. 10. Plaintiff did not comply or otherwise response. On May 20, 2026, the Court dismissed the case without prejudice for Plaintiff's failure to pay the IPFF and entered judgment accordingly. ECF Nos. 11, 12. On May 26, 2026, Plaintiff filed a motion for reconsideration. ECF No. 13. On June 5, 2026, the Court denied that motion. ECF No. 14. On June 12, 2026, Plaintiff filed a motion to alter or amend the judgment. ECF No. 15. On July 21, 2026, Plaintiff filed a notice of appeal along with a motion to proceed on appeal without prepayment of the filing fee. ECF Nos. 16, 17. On July 30, 2026, Plaintiff filed a duplicative motion for leave to appeal without prepayment of the filing fee. ECF No. 23.

Ordinarily, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *May v. Sheahan,* 226 F.3d 876, 879 (7th Cir.2000). However, where a party files a timely notice of appeal and a timely Rule 59(e) motion, the notice becomes effective only after the court has disposed of the Rule 59(e) motion. *E.g., Katerinos v. United States Department of Treasury,* 368 F.3d 733, 737 (7th Cir.2004); *Young–Gibson v. Bd. of Educ. of City of Chi.,* 2013 WL 4598815, *2 (N.D. Ill. Aug. 29, 2013) ("'A notice filed before the filing of [a Rule 59(e) motion] ... or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.'") (quoting Advisory Committee Notes on 1993 Amendment to Fed. R. App. P. 4). As such, the Court will address the motion.

The Court will deny Plaintiff's motion to amend or alter the judgment. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's second request for reconsideration does not meet the high burden necessary to succeed. Plaintiff seeks to reopen the case because he says he never received the Court's April 10, 2026 order, ECF No. 10, granting him permission to pay the initial filing fee from this release account. While this may be true, Plaintiff was first given a deadline to pay the initial partial filing fee on or before March 4, 2026. *See* ECF No. 7. Plaintiff never sought an extension of time for relief from that deadline, and his case was not dismissed until nearly three months after that deadline. Further, Plaintiff will not be prejudiced because his case was dismissed without prejudice and there does not appear to be any statute of limitations issue for Plaintiff to refile. Plaintiff has not shown a manifest error or newly discovered evidence to alter the judgment. As such, the Court is obliged to deny Plaintiff's motion. The Court will accordingly also deny as moot Plaintiff's motion to file a supplemental complaint and corrected motion to file a supplemental complaint, ECF Nos. 26, 27, because this case is closed.

Next, the Court will grant Plaintiff's motion to proceed on appeal without prepayment of the filing fee. Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine

whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

As applied here, the Court finds that Plaintiff may proceed without prepayment of the filing fee. Plaintiff appeals based on his belief that the Court wrongly dismissed his case for the failure to pay the initial filing fee. The Court is satisfied that Plaintiff's appeal is not clearly frivolous, and it will grant his motion to proceed on appeal without prepayment of the filing fee.

The Court will therefore assess an initial partial filing fee for Plaintiff's appeal. Under the Prison Litigation Reform Act, the Court must assess an initial partial filing fee of either "the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the [six]-month period immediately preceding the filing of the complaint or notice of appeal," whichever is greater. 28 U.S.C. § 1915(b)(1). After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the notice of

appeal as required under 28 U.S.C. § 1915(a)(2). ECF No. 18. A review of this information reveals that, for the six-month period immediately preceding the filing of the notice of appeal, the average monthly deposit in Plaintiff's prison account was $85.49 and the average monthly balance to the account was $12.46. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay an initial partial filing fee of $17.09. Plaintiff shall pay the initial partial filing fee of $17.09 to the Clerk of Court on or before **September 24, 2026**. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of this appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend or alter the judgment, ECF No. 15, be and the same is hereby **DENIED**;

**IT IS ORDERED** that Plaintiff's motion to file a supplemental complaint and corrected motion to file a supplemental complaint, ECF Nos. 26, 27, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee on appeal, ECF No. 17, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's duplicative motion to proceed without prepayment of the filing fee on appeal, ECF No. 23, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that on or before **September 24, 2026**, Plaintiff shall forward to the Clerk of Court the sum of $17.09 as the initial partial filing fee in this appeal; Plaintiff's failure to comply with this order may result in dismissal of this appeal; The payment shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the agency having custody of the prisoner shall collect from his institution trust account the balance of the $605.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the prisoner is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the prisoner's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin, this 3rd day of September, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge